1. ELECTIONS—USE OF PARTY NAME.
   Under Laws 1891, c. 64 (Election Law) § 3, where a question has arisen as to which of several different political parties is entitled to the emblem and party name, which they have designated in their certificates of nomination, the officer with whom the certificates have been filed must determine as a fact the priority of designation in the case of the device or emblem and of use in case of the party named, irrespective of the time when the certificates were filed.

2. SAME.

Where the "Citizens' Union" of New York City had in the elections of 1897 and 1899, used that title as a party name, and the "Statue of Liberty" as an emblem, persons who had never used either could not adopt both in the election of 1901, and by a prior filing of their certificate attempt to put their candidates in nomination as those of the "Citizens' Union."

In the matter of the certificates of nomination of Anthony Smith and Charles Solomon. Application denied.

Henry M. Goldfogle, for certificates.

Edward B. Whitney, for Citizens' Union.

Julius M. Mayer, for Republican party.

Terence Farley, Asst. Corp. Counsel, for Board of Elections.

BISCHOFF, J. The certificate in support of which this application proceeds was filed with the board of elections on October first, and contained the designation of the party name "Citizens' Union," and as an emblem the statue of liberty. Concededly the persons signing the certificate had not theretofore used this name and emblem for political purposes or for any other purpose, and the board of elections have rejected the certificate agreeably to a protest field by a political organization known as the "Citizens' Union," and which had adopted and used this same name and emblem for the elections of the years 1897 and 1899. Under section 56 of the election law (amended Laws 1901, c. 654, § 3), a dispute arising through the substantial identity of names or emblems chosen by two or more political parties or independent bodies is to be determined by the officer with whom the certificates of nomination are filed, "being governed, as far as may be, in his decision by priority of designation in the case of the device or emblem, and of use in the case of the party name." Evidently, "priority of designation and use," does not mean strict priority in filing of the certificate for purposes of the election of the current year. If it did, a direct statement to that effect in the statute would naturally be looked for, since a simple means of determining the dispute would then be afforded. The matter evidently depends upon the priority in use and designation, as a fact, and this leaves open an inquiry into the substantial rights of the contesting parties to the name and emblem for election purposes. This construction was adopted in the case of People ex rel. Andrews v. Sutphin, by Mr. Justice Gaynor (October 25, 1897), as appears from the order submitted, and, I think, is the only construction possible. The facts presented to the board of elections sufficed to support their determination of the disputed right favorably to the protesting party, and there is no ground for a reversal of that determination by this court upon the record produced.

Motion denied.